Gkeen, J.
delivered the opinion of the court.
1. In this case the court rejected a deposition offered by the plaintiff, because the same had not been taken according to law. The deposition was taken by an order of the clerk on five days notice made in vacation, upon an affidavit stating, that the witnesses “are transient persons, moving from place to place,” and that “each of them talk of moving out of the country.”
The judgment of the court was certainly correct in rejecting the deposition. The clerk was not authorized to issue a commission to take it, either by the act of 1794, ch. 1, sec. 31, or by the act of 1817, ch. 189.
2. But it is said that the plaintiff was surprised by the rejection of this deposition, and therefore, a new trial, should have been granted. This is no case of surprise. A party cannot be permitted to rely upon incompetent testimony, and when that is rejected, say he was surprised that the judge decided the law correctly, and on that ground obtain a new trial. A party *224 ought to expect that the court will administer the law, and should feel no surprise, if it should so happen.
3. But, for another reason, there should have been no new trial. The bill of exceptions does not set out the evidence in the cause, and we do not know but what several witnesses proved the same facts that the rejected deposition contains. It is not a matter of course for anew trial to be awarded, on account of newly discovered testimony, or testimony the benefit of which the party has been deprived of by surprise. It must also appear probable, from the whole case, that if the evidence in question had been before the jury, a different verdict would have been rendered.
In order therefore, for this court to judge of the probable influence of the testimony of this witness, it would be indispensable that it should see the whole evidence in the cause. The bill of exceptions exhibits no part of the testimony that was heard by the jury, and for that reason we cannot judge of the probable influence of this deposition, if the jury had heard it, and consequently, can not say the court erred in refusing a new trial.
The case would have been different had the deposition been improperly rejected. In that case, the error of the court would have deprived the party of testimony, to which, by law, he was entitled; and this court would not stop to enquire, how much additional weight it might have had with the jury, had it been received, but for the error of the court in rejecting it, would order a new trial.
Let the judgment be affirmed.